IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 8, 2022 Session

**STATE OF TENNESSEE v. ARIANA ELIZABETH MAJOR**

**Appeal from the Circuit Court for Montgomery County**
**No. 2019-CR-1374          Jill Bartee Ayers, Judge**
**Robert T. Bateman, Judge**

_____

**No. M2021-01469-CCA-R3-CD**
_____

CAMILLE R. MCMULLEN, P.J., in which TOM GREENHOLTZ, J., joins concurring.

I concur with the majority opinion's conclusion based on the narrow issue raised by the parties and the existing law in Tennessee. I write separately, however, to highlight how the legalization of hemp has fractured the foundation underlying the rule that a drug detection dog sniff is not a search subject to Fourth Amendment protections. In my view, the cases before this court thus far miss the primary issue—whether a drug detection dog sniff that no longer discloses only contraband is itself a search that must be supported by probable cause.

The rule that a drug detection dog sniff is not a search subject to Fourth Amendment protections rests on the premise that the dog's alert "discloses only the presence or absence of narcotics, a contraband item." United States v. Place, 462 U.S. 696, 707 (1983). "Official conduct that does not 'compromise any legitimate interest in privacy' is not a search subject to the Fourth Amendment." Illinois v. Caballes, 543 U.S. 405, 408 (2005) (quoting United States v. Jacobsen, 466 U.S. 109, 123 (1984)). Any interest in possessing contraband cannot be deemed legitimate. Id. at 408-09. Therefore, "the use of a well-trained narcotics-detection dog—*one that 'does not expose noncontraband items that otherwise would remain hidden from public view,'*—during a lawful traffic stop, generally does not implicate legitimate privacy interests." Id. at 409 (quoting Place, 462 U.S. at 707) (emphasis added). Drug detection dogs thus present a unique situation in which an officer can discover the presence of contraband without first establishing probable cause.

The legalization of hemp possession means that the premise underlying this rule is no longer true. Drug detection dogs cannot differentiate between hemp, the possession of which is now legal, and marijuana, the possession of which remains illegal. A drug detection dog sniff, therefore, no longer "discloses only the presence or absence of narcotics, a contraband item." See Place, 462 U.S. at 707. It discloses the presence or

absence of hemp, a noncontraband item that individuals now have a legitimate privacy interest in possessing. Whether this legitimate privacy interest transforms a drug detection dog sniff into a search that must be supported by probable cause remains unanswered.

This question has been presented in other jurisdictions where hemp, or even marijuana itself, has been legalized. The answers have varied. See People v. McKnight, 446 P.3d 397, 408-09 (Colo. 2019) (holding that after Colorado's legalization of marijuana possession, the sniff is a search that must be supported by probable cause); Joseph v. State, 530 P.3d 1071, 1077-78 (Wyo. 2023) (holding that after Wyoming's legalization of hemp possession, the sniff is still not a search); State v. Walters, 881 S.E.2d 730, 756-59 (N.C. Ct. App. 2022) (avoiding the question because the "[t]he legalization of hemp has no bearing on the continued illegality of methamphetamine" found in the car, which the dog was trained to alert to).

Though this court has begun to hear cases related to a drug detection dog's inability to distinguish between marijuana and hemp, the cases have yet to raise this question. State v. Green, No. M2022-00899-CCA-R3-CD, 2023 WL 3944057, at *2 (Tenn. Crim. App. June 12, 2023); State v. Bond, No. M2022-00469-CCA-R3-CD, 2023 WL 5559259, at *3 (Tenn. Crim. App. Aug. 29, 2023). Like this case, they challenged only whether the dog's alert was sufficient to establish probable cause. Without further development of whether the sniff itself is a search that must be supported by probable cause, law enforcement is left in limbo. They must speculate whether their current practices will remain constitutional, or whether they must formulate a plan to ensure their dogs will no longer alert to hemp.

Because this important question has not yet been raised in this court, I write separately to highlight the fracture in the foundation underlying the exemption of drug detection dog sniffs from Fourth Amendment protections.

_____
CAMILLE R. MCMULLEN, PRESIDING JUDGE